12122272039

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

GARY PACK,

                               Plaintiff,   **STIPULATION AND**
                                               **PROTECTIVE ORDER**

            -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER    05 CV 10779 (SAS)
RAYMOND W. KELLY, INSPECTOR PHILLIP BANKS
III, SERGEANT LAVIN, POLICE OFFICER ANTHONY
RUSSO, SHIELD #4187, POLICE OFFICER DAVID
LAMBERT, SHIELD #12878, JOHN DOE ## 1-8,

                                            Defendants.

-------------------------------------------------------------------- x



        **WHEREAS**, plaintiff has requested that the City of New York provide information and disclose documents pertaining to all complaints made with the Civilian Complaint Review Board arising from the underlying August 26, 2003 incident; and

        **WHEREAS**, defendants deem this information and these documents confidential; and

        **WHEREAS**, defendants object to the disclosure of this information and production of these documents unless appropriate protection for their confidentiality is assured;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendants as follows:

        1.   As used herein, "Confidential Materials" shall mean the Civilian Complaint Review Board records and cassette tapes, pertaining to all complaints made with the Civilian Complaint Review Board arising from the underlying August 26, 2003 incident that took place at 85 Tompkins Avenue, Brooklyn, N.Y. at approximately 10:00 p.m.; and any other

documents that the defendants may in the future in good faith deem "confidential materials" pursuant to this Order because of privacy, law enforcement or governmental interests, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendant, or (b) are otherwise publicly available.

2. The defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by Bates number in a writing directed to plaintiff's counsel. The defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought by subpoena from third parties, and such documents, if produced to plaintiffs, shall be treated as "Confidential Materials" during such reasonable period. The defendants reserve the right to designate any documents confidential pursuant to this agreement if necessary after production of such documents to the plaintiffs. If plaintiff objects to the designation of particular documents as "Confidential Materials," plaintiff shall state such objection in writing to the defendants, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then defendants shall, within ten (10) days of receiving plaintiff's objections, move for an order approving such designation.

3. Plaintiff's attorneys shall not use the Confidential Materials for any purpose other than for the preparation or presentation of the case entitled *Gary Pack v. City of New York, et al.*, 05 CV 10779 (SAS) ("this action").

4. Plaintiff's attorneys shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

a. Disclosure may be made only if necessary to the preparation or presentation of their cases in this action.

b. Disclosure before trial may be made only to the parties, to an expert or experts who has or have been retained or specially employed by their attorneys in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court. The <u>plaintiff himself</u> may not disclose the documents or information contained therein, to anyone not a member of his attorney's law office or a party to this action. In the event a conflict arises between the parties as to whether plaintiff may show the Confidential Materials to a potential deponent, or other person whom counsel reasonably believes may have knowledge of the information described or referred to in the Confidential Materials, plaintiff agrees not to do so until such time that the parties can obtain a ruling from the Court in this regard.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as <u>Exhibit A</u>, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed

consent shall be retained by plaintiff's attorneys and copies provided to counsel for defendants.

5. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall at defendants request to the reporter, be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**<u>CONFIDENTIAL</u>**

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

7. If any party intends to file the Confidential Materials with the Court, in conjunction with a motion for summary judgment or otherwise, or intends to utilize any of the Confidential Materials at trial, the party seeking to do so must first present the Confidential

Materials to the Court for a ruling on whether the Confidential Materials shall be filed under seal in accordance with paragraph "6" hereof.

8. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, and all nonconforming copies, notes, and other materials containing or referring to information derived therefrom, shall, upon defendants' request, be returned to defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

9. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

Dated:   New York, New York
         April 24, 2006

Stoll & Glickman, LLP
Ms. Nicole Bellina, Esq.
71 Nevins Street
Brooklyn, New York 11217

By: _____
    Ms. Nicole Bellina (NB 7154)

MICHAEL A. CARDOZO
Corporation Counsel of the
  *City of New York*
*Attorney for Defendants*
100 Church Street, Room 3-220
New York, New York 10007
(212) 788-0711

By: _____
    LIORA JACOBI (LJ 0347)
    Special Assistant Corporation Counsel

SO ORDERED:

_____
HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE